**Ricky Nelson PAGE, Appellant**

v.

**Nancy A. BERRYHILL, Acting Commissioner of Social Security, Appellee**

**No. 16-5131**
**September Term, 2016**

United States Court of Appeals,
District of Columbia Circuit.

Filed on: May 9, 2017

Joseph John Aronica, Esquire, Attorney, Duane Morris LLP, Washington, DC, for Plaintiff-Appellant

Lauren Donner Chait, Social Security Administration, Philadelphia, PA, R. Craig Lawrence, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendant-Appellee

Before: Henderson, Brown, and Kavanaugh, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the Social Security Administration and the United States District Court for the District of Columbia, and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED.**

Appellant Ricky Nelson Page appeals from the District Court's denial of his motion for reversal of the January 9, 2014, decision by an Administrative Law Judge denying Page's applications for supplemental security income and disability insurance benefits.

An ALJ, tasked with evaluating a claim of disability, must conduct a five-step inquiry to determine if an individual is disabled as defined in 20 C.F.R. § 404.1505. First, the individual must show that he is not presently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ must determine whether the individual has a "severe impairment" that "significantly limits" his "ability to do basic work activities" for no less than 12 months. *Id.* §§ 404.1520(a)(4)(ii), 404.1520(c), 404.1509. Third, the ALJ must determine whether the individual's impairment "meets or equals" an impairment listed in the regulations. *Id.* §§ 404.1520(a)(4)(iii), 404.1520(d). Fourth, the individual must demonstrate that he is incapable of performing his previous work. *Id.* §§ 404.1520(a)(4)(iv), 404.1520(f). Fifth and finally, the ALJ must determine whether the individual "can make an adjustment to other work," considering his age, education, past work experience, and residual functional capacity. *Id.* §§ 404.1520(a)(4)(v), 404.1520(g). If, at the end of the analysis, the ALJ finds that the individual can work, the ALJ will also find that the claimant is not disabled. *See id.* §§ 404.1520(a)(4)(v), 404.1520(g).

Here, in a detailed analysis, the ALJ found—at step five of the analysis—that Page was not disabled within the meaning of the Social Security Act because Page could make an adjustment to work other than the work that Page had done in the past. In reaching that decision, the ALJ considered Page's testimony, Page's medical records, information about Page's work activities, and the opinions of medical professionals. After reviewing that evidence, the ALJ found that Page was limited by several impairments, including major depressive disorder, anxiety disorder, and post-traumatic stress disorder. Nevertheless, the ALJ found that Page retained the ability to perform a range of unskilled work involving simple, routine tasks; occasional social interactions; simple decision-making; and limited stress. Because a vocational expert confirmed that even with those restrictions, a person of Page's age, education, and work experience, and residual functional capacity could perform a number of jobs that were abundant in the economy, the ALJ found that Page was not entitled to supplemental security income and disability insurance benefits.

Page then appealed to the Social Security Administration's Appeals Council. But the Appeals Council denied Page's request for review. Therefore, the ALJ's decision is the final decision of the Commissioner of the Social Security Administration in this case. Page sought review of that decision

in the District Court. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The District Court denied Page's motion for reversal of the Commissioner's decision. Page now appeals to this Court.

We review the District Court's denial of Page's motion "de novo, as if the agency's decision had been appealed to this court directly." *Jones v. Astrue*, 647 F.3d 350, 355 (D.C. Cir. 2011) (internal quotation marks omitted). In so doing, we consider whether the decision of the Commissioner of the Social Security Administration is "based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial-evidence review is deferential to the agency fact-finder, requiring "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (internal quotation marks omitted). Because disability cases of this sort are so fact-intensive and fact-dependent, the standard of review poses a high bar to clear in order to overturn the agency's decision.

Page challenges the Commissioner's final decision on two grounds. Neither argument is convincing.

*First*, Page contends that the ALJ misapplied the legal standards for medical opinion evidence because the ALJ did not defer to the opinion of Page's treating physician—Dr. Podell—regarding Page's ability to work. As this Court has explained in the past, "[b]ecause a claimant's treating physicians have great familiarity with [his] condition, their reports must be accorded substantial weight." *Butler*, 353 F.3d at 1003 (quoting *Williams v. Shalala*, 997 F.2d 1494, 1498 (D.C. Cir. 1993)); *see*

*also* 20 C.F.R. §§ 416.927(c)(2), 404.1527(c)(2). An "ALJ who rejects the opinion of a treating physician" must "explain his reasons for doing so." *Jones*, 647 F.3d at 355 (internal quotation marks omitted).

The ALJ in this case satisfied the legal standards for rejecting Dr. Podell's opinion. As the ALJ explained, substantial evidence contradicted Dr. Podell's bottom-line opinion that Page is unable to work. Dr. Podell's treatment records indicated that Page had a "medium or mild" global assessment of functioning score and "generally normal mental status examinations." J.A. 16. Dr. Podell's own treatment notes also stated that Page's condition was consistently improving. Most notably, Dr. Podell had stated in a separate assessment that Page was capable of "low stress" work. *Id.* at 243. Similarly, multiple State agency psychologists found that Page could work so long as Page was not required to perform a stressful job. Thus, as the ALJ concluded, Dr. Podell's opinion that Page is unable to work was "overly drastic." *Id.* at 16. Because Dr. Podell's opinion that Page is unable to work was contradicted by substantial evidence in the record (including Dr. Podell's own records), and because the ALJ explained why he chose not to credit Dr. Page's opinion, the ALJ adhered to the relevant legal standards in evaluating the medical opinion evidence in Page's case.

*Second*, Page argues that the ALJ failed to properly evaluate the credibility of Page's testimony about his symptoms. Pursuant to Social Security Administration policy statements, an ALJ must engage in a two-step process to assess the credibility of a claimant's evaluation of the limiting effects of the claimant's symptoms. First, the ALJ must consider whether there is an

"underlying medically determinable" impairment that "could reasonably be expected to produce" the individual's "symptoms." *See* Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, Social Security Ruling 96-7p, 1996 WL 374186, at *2 (July 2, 1996).[1] Second, the ALJ "must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *Id.* At the second step, the ALJ evaluates the claimant's credibility regarding the alleged limiting effects of his symptoms "based on a consideration of the entire case record." *Id.*

Because the ALJ found that Page's complaints were not consistent with the record, the ALJ did not credit Page's statements about the "intensity, persistence and limiting effects" of Page's symptoms. J.A. 14. In reaching that decision, the ALJ analyzed Page's treatment notes, activities, and work history, methodically and carefully noting inconsistencies between Page's testimony and the record. While the ALJ found that some of Page's testimony about his symptoms was consistent with the record, the ALJ found that other claimed symptoms were not fully supported by Page's doctors' treatment decisions and Page's activities. For example, Page claimed that he could not work due to blurred vision from his medications. But Page's medical treatment records noted that Page consistently denied experiencing any side effects from his medications. Therefore, the ALJ decided not to credit

Page's testimony about his blurred vision. Similarly, Page claimed that he had violent dreams and had once harmed his fiancée in his sleep. But the ALJ observed that circumstances had changed since Page experienced violent dreams. Most notably, Page had begun receiving mental health treatment for his dreams. Page's medical records revealed that, following the start of Page's mental health treatment, Page slept better and had fewer dreams. Therefore, the ALJ decided not to credit Page's testimony about his trouble sleeping. The ALJ properly evaluated the credibility of Page's testimony about his symptoms.

In sum, the Social Security Administration's final decision is supported by substantial evidence in the record and was reached through the proper application of law. We therefore affirm the District's Court's judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

---

1. Social Security Ruling 96-7p was rescinded by the Commissioner on March 16, 2016. *See* Titles II & XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 (March 16, 2016). However both parties agree that Social Security Ruling 96-7p applies here because it was still in effect at the time of the ALJ's decision in this case.